UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WELLS FARGO BANK,
NATIONAL ASSOCIATION

VERSUS

THEODORE JONES AND
DANIEL FITZPATRICK

CIVIL ACTION

NO. 13-822-JJB-SCR

**RULING**

This matter is before the Court on the Defendant Theodore Jones' Motion (doc. 14) to Dismiss Complaint, or Alternatively, Abate the Action, or Transfer Venue. The Plaintiff Wells Fargo Bank, National Association ("Wells Fargo") opposes the motion. (Doc. 25). Jurisdiction is based on 28 U.S.C. § 1332.

This case arises out of the foreclosure of a piece of property located in Florida. On December 16, 2005, the defendants executed a promissory note for $3,747,858.72 in favor of Wachovia Bank, National Association ("original lender"), which subsequently merged with the Defendant Wells Fargo. (Doc. 2, p. 2–3). The note had a maturity date of January 14, 2009. (Doc. 2, p. 3). Furthermore, the note was secured by a mortgage covering and affecting the defendants' interest in property located in Okaloosa County, Florida. (Doc. 2, p. 4). However, on September 15, 2008, the original lender issued a Notice of Intention to Foreclose, based on the defendants' failure to pay $99,657.92 in principal and interest. *Id.* As the defendants failed to cure the default, the original lender "accelerated the indebtedness owed pursuant to the [n]ote and [m]ortgage," and instituted foreclosure proceedings in a Florida state court. (Doc. 2, p. 4–5). Accordingly, on January 28, 2010, the Okaloosa County property was sold at foreclosure for $646,400. (Doc. 2, p. 5). At the time of foreclosure, the appraised value of the property was $1,360,000. (Doc. 2, p. 5).

1

Subsequently, the plaintiff instituted the present proceedings, seeking a judgment for the deficiency balance due on the note. According to the plaintiff, the principal balance on the note at the date of foreclosure was $3,728,915.26. (Doc. 2, p. 5). The plaintiff claims that the defendants refused to pay the post-foreclosure deficiency amount of $2,368,915.26, which is the principal balance owed less the appraised value of the property at the time of foreclosure. Thereafter, Defendant Theodore Jones filed the pending motion. The defendant's argument is primarily based on the fact that in the Florida state court's document entitled "Summary Final Judgment of Foreclosure and Reformation of Mortgage and Deed," the Florida state court provided that "[j]urisdiction over this action is retained to enter such further orders as may be necessary and proper, **including the entry of a deficiency decree** with reasonable attorneys' fees when and if such deficiency decree shall appear proper." (Doc. 14-1, p. 13) (emphasis added). Nevertheless, the plaintiff opposes the motion and avers that the present action is proper in this Court.

Neither party disputes that Florida law governs this diversity action. Under Florida law, a court in a suit for foreclosure has the discretion to institute a deficiency decree in those same proceedings. Fla. Stat. § 702.06. Specifically, the relevant statute provides:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed **the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court**; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale. For purposes of this section, there is a rebuttable presumption that a residential property for which a homestead exemption for taxation was granted according to the certified rolls of the latest assessment by the county property appraiser, before the filing of the foreclosure action, is an owner-occupied residential property. The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.

*Id.* (emphasis added). The plaintiff contends that "[w]hile it did pray for a deficiency judgment in its complaint filed in the Foreclosure Suit [in Florida], Plaintiff never set the deficiency process 'in motion' after the foreclosure sale and the Court never adjudicated said deficiency." (Doc. 25, p. 10). Accordingly, the plaintiff contends that it should be allowed to proceed with its deficiency claim in the present action. In support, the plaintiff analogizes to a Florida Supreme Court case, where the court analyzed a prior version of the same law and provided that it understood "the law to be that where there is no prayer for a deficiency and where one is not sought or entered in the foreclosure proceeding the law courts may be resorted to to recover one." *Red v. Miami Studio Properties*, 190 So. 505, 506 (Fla. 1939). Similarly, the court found that a lender is not precluded from an action at law to recover a deficiency if "the chancellor is importuned to enter it and declines to consider the question or to make any ruling thereon." *Id.* As a result, the plaintiff contends that it has the legal ability to proceed with the present action, as the Florida court that presided over the foreclosure proceedings has not ruled as to the deficiency decree.

>Nevertheless, that same Florida Supreme Court also found that:

>When the complainant filed his bill in equity to foreclose the mortgage and therein prayed for a deficiency decree, **he elected that forum in which to have his right adjudicated and became bound by that choice. He was not compelled to invoke the jurisdiction of the chancery court for a deficiency decree having the force and effect of a judgment; but, having done so, he precluded himself from invoking the same or any other jurisdiction to enforce the payment of the claim upon which he sought that decree, at least until such time as the chancellor had determined whether or not he would assume to exercise the jurisdiction of determining whether or not a deficiency decree should be entered**; and, if the chancellor in due course should assume jurisdiction to determine that issue, and should hold that the complainant was not entitled to a deficiency decree in any amount, the complainant would be barred by such decree from attempting to enforce his claim in any other jurisdiction. Or, if the chancellor, assuming jurisdiction to determine that matter, should grant a deficiency decree in any amount, the parties would be bound by that decree, unless it should be reversed on appeal.

*Provost v. Swinson*, 146 So. 641, 643 (Fla. 1933). The plaintiff readily admits that it prayed for a deficiency judgment in the foreclosure suit. (Doc. 25, p. 10). However, it attempts to overcome this fact by providing that it "never set the deficiency process 'in motion' after the foreclosure sale." *Id.* Clearly, this is not a case where the Florida court refused to rule on the deficiency decree. Instead, this is a situation where the plaintiff initially prayed for a deficiency decree in the Florida foreclosure proceeding, and the Florida court retained jurisdiction over the entry of a deficiency decree after rendering the foreclosure judgment.[1] At that point, the plaintiff decided to refrain from putting the deficiency process—which he originally prayed for—"in motion," and instead, began to shop for a different forum to render the deficiency decree. *See id.* This Court finds that the Florida law providing the lender with "the right to sue at common law to recover such deficiency" was never meant to apply to the present situation. Fla. Stat. § 702.06. Instead, it was meant to apply to situations where a Florida court, in its sound discretion, refused to or failed to consider a deficiency decree. *See id.* As the Florida Supreme Court previously provided, the plaintiff chose to pray for a deficiency decree in the Florida foreclosure suit, and as a result, it "became bound by that choice" and "precluded . . . from invoking the same or any other jurisdiction to enforce the payment of the claim upon which [it] sought that decree." *Provost*, 146 So. at 643. Accordingly, the Court will stay the present proceedings, pending further action in the Florida foreclosure suit.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant Theodore Jones' Motion (doc. 14) to Dismiss Complaint, or Alternatively, Abate the Action, or

---

[1] The plaintiff argues that this is form language "found in the approved form for final disclosure judgments." (Doc. 25, p. 11). Regardless, there is no doubt that the language was included in the "Summary Final Judgment of Foreclosure and Reformation of Mortgage and Deed" document, and just because the language is stock language does not mean that the Florida court intended it to have no effect.

Transfer Venue. The matter is **STAYED** and **ADMINISTRATIVELY CLOSED**, without prejudice, to be re-opened if necessary.

Signed in Baton Rouge, Louisiana, on May 5, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**